[Civ. No. 15561. Third Dist. Nov. 2, 1976.]

STATE TRIAL ATTORNEYS' ASSOCIATION et al.,
Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

**COUNSEL**

Donald M. Pach for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, and Robert L. Mukai, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**FRIEDMAN, Acting P. J.**—In this action four civil service attorneys employed in the Legal Division of the State Department of Transporta-

tion (together with several representative organizations) seek salary parity with attorneys having equivalent positions in other state agencies. Their appeal requires analysis of Government Code section 18850, the statute which expresses the standards to be observed by the State Personnel Board in fixing civil service salaries.[1] We hold that the State Personnel Board violates section 18850 when, in deference to "compaction" caused by statutory and noncivil service salaries within a state department, it denies civil service employees in that department salary parity with employees of comparable duties and responsibilities in other departments.

The individual petitioners are the deputy and assistant chiefs and two deputy attorneys IV of the Department of Transportation's legal division. Petitioners instituted this declaratory relief and mandamus action in 1974. The superior court rejected their claim to salary parity, holding that in fixing petitioners' salaries the State Personnel Board could lawfully give way to compacted internal salary relationships within their department, even if its action caused loss of parity with salaries in other agencies. Petitioners appeal from the adverse judgment.

In the two years since commencement of this action there have been general increases in civil service salaries and changes in the nomenclature of the affected positions. There has been no significant change in the salary relationships at stake. It will be more meaningful to describe the situation in terms of current (1976-1977) position titles and salary ranges.

The State Civil Service Act[2] directs the State Personnel Board to establish classes of positions in the state civil service (§ 18800) and to fix salary ranges for these positions (§ 18850; fn. 1, *ante*). These salary ranges are expressed in terms of monthly salaries and annual salary increments. Most salary ranges have five steps, a minimum or entry level plus four annual increments, the fourth increment representing the maximum step of the range. A relatively small number of positions are given "compressed" ranges of three or four steps. A five-step salary range

---

[1]Government Code section 18850: "The board shall establish and adjust salary ranges for each class of position in the state civil service. The salary range shall be based on the principle that like salaries shall be paid for comparable duties and responsibilities. In establishing or changing such ranges consideration shall be given to the prevailing rates for comparable service in other public employment and in private business. The board shall make no adjustments which require expenditures in excess of existing appropriations which may be used for salary increase purposes. The board may make a change in salary range retroactive to the date of application for such change."

[2]Government Code section 18500 et seq. Unless otherwise noted, all our statutory citations will refer to the Government Code.

starting at a particular level will provide its incumbent with a higher maximum salary than a compressed range with only three steps.

The Director of the Department of Transportation is appointed by the Governor; his salary is fixed by the Legislature, currently at an annual rate of $37,920. (§§ 14003, 11552; (Item 95, Budget Act of 1976, Stats. 1976, ch. 1410).) The chief deputy director (called Deputy Director in the statutes) is also appointed by the Governor but his salary is fixed by the director subject to the approval of the Department of Finance. (§§ 14006, 18004, subd. (a).) Currently the chief deputy director's monthly salary is fixed at $2,948. Next in the descending line of authority to the legal division is the deputy director, administration and legal affairs. He is a civil service employee holding his position under the career executive assignment program[3] at a compressed salary range of $2,380-3,034.

Aside from some recent concessions, the Personnel Board has viewed these salaries as limitations on civil service salaries in the Department of Transportation. It has placed upper-level attorneys in the department's legal division in compressed salary ranges, simultaneously according normal, five-step ranges to lawyers in the Attorney General's office and Legislative Counsel Bureau exercising comparable duties and responsibilities. As a result, petitioners' maximum salaries are lower than those of their peers in the other two law offices. Petitioners charge that the board's refusal to maintain parity with equivalent positions in the other agencies violates the like-pay-for-like-work rule of section 18850, that is, "the principle that like salaries shall be paid for comparable duties and responsibilities." (Fn. 1, *ante.*)

Three separate authorities set salaries of officers and employees within the executive branch of the state government. The Legislature by statute fixes the salaries of elected state officials and of department heads and board members appointed by the Governor. (§ 11550 et seq.) At the next lower rung of the organizational ladder are noncivil service ("exempt") deputies and assistants, whose salaries are fixed by their department heads subject to approval of the Department of Finance. (§ 18004, subd. (a); *State* v. *Brotherhood of R.R. Trainmen* (1951) 37 Cal.2d 412, 421-422 [232 P.2d 857].) The State Personnel Board fixes the salaries of civil

---

[3]Career executive assignments involve appointments to positions of high authority in the state government but within the civil service structure. (§§ 18547, 19220-19222.) Section 18850, the general standard for civil service salary-setting, does not govern career executive salaries unless the Personnel Board so provides by rule. (§ 19221.) The Personnel Board's present rules on career executive salaries do not incorporate section 18850 or its concepts.

service employees. No salary standard comparable to section 18850 governs the Legislature or the Department of Finance.

The State Personnel Board explains its action in these terms: The board adheres to the policy of maintaining internal relationships within an agency by not paying a subordinate more than his superior. The board views the statutory salaries of department heads and the salaries of exempt (noncivil service) high-level officials as "inferred ceilings" on civil service salaries of lower positions. The statutory and exempt salaries of officials in the upper echelons of a state department may cause "compaction" of civil service salaries in the lower echelons. The like-pay-for-like-work provision of section 18850 is interpreted to mean that paramount concern shall be given to internal relationships, including statutory and exempt as well as civil service positions.[4] As counsel for the board, the Attorney General views the like-pay-for-like-work direction as a principle to be observed rather than an "inflexible prescription" for fixing civil service salaries.

In terms of 1976-1977 salaries, the following table of positions and salary ranges[5] depicts the inferiorities of which petitioners complain:

| DEPT. OF TRANSP., LEGAL DIV. | OFFICE OF ATTY. GEN. | LEGIS. COUNSEL BUREAU | MONTHLY INFERIORITY (AT MAXIMUM) |
|---|---|---|---|
| Chief[6] $2,948-3,034 | Chief Asst. A.G.[6] $2,948-3,531 | Chief Dep. Leg. C.[6] $2,948-3,531 | $ 497 |
| Dep. Chief Leg. Div. $2,811-3,033 | | Prin. Dep. Leg. C. II $2,811-3,403 | 370 |
| Asst. Chief Legal Div. $2,681-3,032 | Sr. Asst. A.G. $2,681-3,244 | Prin. Dep. Leg. C. I $2,681-3,244 | 212 |
| Dep. Atty. IV $2,681-3,032 | Dep. A.G. IV $2,681-3,244 | Dep. Leg. C. IV $2,681-3,244 | 212 |

[4]The foregoing summary is extracted from "findings" adopted by the State Personnel Board in 1974 and included in the record on appeal. See section 18682.

[5]The salary ranges in the table will show only the minimum and maximum steps for each range.

[6]The three indicated positions are in the career executive assignment category. See footnote 3, *ante.*

Petitioners rely upon a 1975 report of the Legislative Analyst criticizing the "compaction" caused when the salaries of political and exempt appointees are imposed as a ceiling upon the civil service salary structure and suggesting that individuals seek elective or high appointive office for reasons other than salary. These observations might be appropriate were the issue one of abuse of discretion. This is neither a problem of abuse of discretion nor one of construing an ambiguous statute. The problem requires no more than analysis of section 18850 to discern the mandatory and dominant character of its second sentence.

■ Setting compensation for public employees is a legislative function. (*City and County of S. F.* v. *Boyd* (1943) 22 Cal.2d 685, 689 [140 P.2d 666]; *Alameda County Employees' Assn.* v. *County of Alameda* (1973) 30 Cal.App.3d 518, 531 [106 Cal.Rptr. 441].) Section 18850 delegates the function to the Personnel Board. It transmits to the board a mixture of discretionary authority and specific directions. "Statutes which delegate discretionary power often fix some of the boundaries but leave others largely open." (Davis, Discretionary Justice (1971 ed.) p. 55.) The delegation imports a large measure of discretion if only because many of the criteria are unexpressed. Nowhere, for example, does the statute mention the experiential and educational qualifications which form an ingredient of salary-fixing; nor does the statute refer to the general practice of proportioning salaries to vertical[7] gradations of authority within an organizational structure. The Personnel Board has correctly assumed discretionary authority to apply these unexpressed criteria.

At its outset, section 18850 declares that the Personnel Board shall establish and adjust salaries for each civil service class. According to section 14 of the Government Code, "shall" is mandatory and "may" is permissive. The first sentence of section 18850 is mandatory in that it obliges the board to exercise the function, divesting it of any choice between action and inaction. It is both a grant of power and (in the sense that it cannot be disobeyed) a limitation of power.

Two additional directions fetter the board's discretion. Both express notions of fairness which, apparently, possessed particular legislative appeal. The third sentence of section 18850 directs the board to "consider" prevailing rates as a means of attaining horizontal parity with

[7]Spatial references to horizontal and vertical relationships are only metaphorical, of course. A horizontal relationship describes a level of positions throughout the state executive branch requiring approximately equal authority or expertise. Vertical relationships refer to descending or ascending levels of authority within a single agency.

nonstate employment. Here the grant of general discretion is qualified by a direction to weigh, but not rigidly obey, a particular criterion. (*California State Employees' Assn.* v. *State of California* (1973) 32 Cal.App.3d 103, 106, fn. 2 [108 Cal.Rptr. 60].)

The second sentence forms yet another qualification upon the general grant of discretion. It denotes another species of fairness: horizontal parity among comparable positions throughout the civil service structure. As in its first sentence, the statute here speaks in peremptory, not permissive terms. Section 14 emphasizes the mandatory character of the direction. A command so positive is a limitation on the salary-setting agency's exercise of discretionary authority. (*Walker* v. *County of Los Angeles* (1961) 55 Cal.2d 626, 634 [12 Cal.Rptr. 671, 361 P.2d 247]; *Alameda County Employees' Assn.* v. *County of Alameda, supra,* 30 Cal.App.3d at p. 531.)

As though to demonstrate the preeminent and predominant role of the like-pay-for-like work principle, the Legislature has listed it among the cardinal objectives of the Civil Service Act. Government Code section 18500 proclaims in part: "It is the purpose of this part: . . . ¶ (c) To provide a comprehensive personnel system for the state civil service, wherein: ¶ (1) Positions involving comparable duties and responsibilities are similarly classified and compensated. . . ."

■ Contrary to the Attorney General's argument, the clause "shall be based on the principle that like salaries shall be paid for comparable duties and responsibilities" does not imply a power to consider, to weigh and then to reject. That interpretation would degrade a statutory command into a statutory option. The clause demands that the described principle be applied to reach dollar results.

In denying salary parity to the attorneys of the Department of Transportation, the board has misinterpreted its statutory authority. It has inverted its statutory priorities, subordinating the mandatory like-pay-for-like work principle to its general residuum of unstructured discretion. It has subordinated a cardinal objective of the Civil Service Act to the syncretic salaries of political appointees. The State Personnel Board has no authority to fix salary ranges which violate the principle "that like salaries shall be paid for comparable duties and responsibilities."

Petitioners are entitled to a writ of mandate directing compliance with the second sentence of section 18850 whenever compliance can be achieved without violating the statute's restriction against adjustments in excess of existing appropriations. The Personnel Board may lawfully adjust these salaries for the current (1976-1977) fiscal year only if a deficiency against the State Transportation Fund is created under the authority of Government Code section 11006 or if the 1977 Legislature enacts a deficiency appropriation for the 1976-1977 fiscal year.[8] The board may lawfully adjust these salaries in the expectation of adequate appropriations for the fiscal year 1977-1978.

The judgment is reversed and the cause remanded to the superior court with a direction to issue a peremptory writ of mandate requiring the State Personnel Board to adjust the salary ranges of the assistant chief and the deputy attorneys IV in the Legal Division of the State Department of Transportation to attain salary parity with attorneys of comparable duties and responsibilities in other state agencies when that action can be taken without requiring expenditures in excess of current appropriations.

Regan, J., and Evans, J., concurred.

---

[8]The Attorney General's brief refers us to *California State Employees' Assn.* v. *Flournoy* (1973) 32 Cal.App.3d 219, 236, footnote 14 [108 Cal.Rptr. 251]. There the court stated that after adjournment of the Legislature which appropriates funds for a fiscal year, a subsequent legislative session may not appropriate funds for that fiscal year.

The statement is incorrect. It would outlaw deficiency appropriations. Nothing in the California Constitution prevents one legislative session from appropriating money to augment an appropriation made at a past session. (See *Board of Fish and Game Commissioners* v. *Riley* (1924) 194 Cal. 37, 45-48 [227 P. 775]; see also, for example, Cal. Stats. 1974, chs. 266, 345.)