[Civ. No. 19484. Third Dist. June 19, 1981.]

CALIFORNIA STATE POLICE ASSOCIATION et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA et al, Defendants and Respondents.

COUNSEL

Cottrell, Hofvendahl & Roessler, Russell V. Roessler and Phillip O. Norton for Plaintiffs and Appellants.

George Deukmejian, Attorney General, Richard D. Martland, Assistant Attorney General, and Geoffrey L. Graybill, Deputy Attorney General, for Defendants and Respondents.

OPINION

**REYNOSO, J.**—Plaintiffs California State Police Association et al., appeal from a judgment of dismissal entered in favor of defendants State of California and the California State Personnel Board, after the trial court sustained a demurrer without leave to amend to their complaint for declaratory relief and petition for writ of mandate. The trial court sustained the demurrer on the ground that no cause of action was stated in the complaint and petition, and denied leave to amend on the ground that no cause of action could be stated.

■ The effect of the trial court's decision was to confer absolute discretion upon the State Personnel Board in the matter of establishing and adjusting civil service salaries under Government Code section 18850. While the discretion granted the board is broad, it is not absolute. Accordingly, we conclude that the demurrer was improperly sustained and reverse the judgment of dismissal.

I

Government Code section 18850, subdivision (a), provides "The board shall establish and adjust salary ranges for each class of position in the state civil service. The salary range shall be based on the principle that like salaries shall be paid for comparable duties and responsibilities. In establishing or changing such ranges consideration shall be given to the prevailing rates for comparable service in other public employment and in private business. The board shall make no adjustments which require expenditures in excess of existing appropriations which may be used for salary increase purposes. The board may make a change in salary range retroactive to the date of application for such change."

Plaintiffs contend that the personnel board violates its duty under Government Code section 18850, in that it refuses to compare the duties performed by the California State Police employees to the only other employee groups that perform comparable service. Specifically, plaintiffs contend that there are only three law enforcement agencies in the State of California with duties comparable to the California State Police, those being the University of California police, the California State University and College police, and the Bay Area Rapid Transit District (BART) police. The board does not compare the California State Police to these agencies, but rather compares them within the state civil service to state traffic officers and state correctional officers, and without the state civil service to police officers in a number of local jurisdictions.

After seeking and being denied relief from the personnel board, plaintiffs filed their complaint for declaratory relief and petition for writ of mandate. The complaint and petition were filed on behalf of the California State Police Association and named as individual plaintiffs were representatives of each of the state police classes. The complaint and petition alleged that the plaintiffs are in fact paid substantially less than comparable classes in each of the agencies to which they wish to be compared. An alternative writ issued.

Defendants filed a return to the alternative writ by way of answer and demurrer to the complaint and petition. The demurrer was based upon the grounds that no cause of action had been stated, that the complaint was barred by laches and the statute of limitations, and that there was a defect of parties. The matter came on for hearing solely on

the demurrer on grounds of failure to state a cause of action and defect of parties. The court overruled the demurrer on the ground of a defect of parties, but sustained the demurrer on the ground of the failure to state a cause of action. Plaintiffs sought leave to amend, however, the court denied leave and a judgment of dismissal was entered.

## II

This court had occasion to consider Government Code section 18850 in *State Trial Attorneys' Assn.* v. *State of California* (1976) 63 Cal. App.3d 298 [133 Cal.Rptr. 712]. There we noted that the Legislature had delegated its compensation setting function to the State Personnel Board by enacting that section. (At p. 303.) That statute transmits to the board a mixture of discretionary authority and specific directions. (*Ibid.*)

The second sentence of section 18850, subdivision (a), provides that salaries shall be based upon the principle that "like salaries shall be paid for comparable duties and responsibilities." In *State Trial Attorneys' Assn.* v. *State of California, supra,* we said concerning that sentence: "It denotes another species of fairness: horizontal parity among comparable positions throughout the civil service structure. As in its first sentence, the statute here speaks in peremptory, not permissive terms." (At p. 304.)

The third sentence of section 18850, subdivision (a), provides: "In establishing or changing such ranges consideration shall be given to the prevailing rates for comparable service in other public employment and in private business." In the *State Trial Attorneys' Assn.* decision we said: "The third sentence of section 18850 [now section 18850, subdivision (a)] directs the board to 'consider' prevailing rates as a means of attaining horizontal parity with nonstate employment. Here the grant of general discretion is qualified by a direction to weigh, but not rigidly obey, a particular criterion." (63 Cal.App.3d at pp. 303-304.)

Plaintiffs contend that the only employment truly comparable to their own is that of the University of California police, the California State University and College police, and the Bay Area Rapid Transit District police. They argue that the second sentence of section 18850, subdivision (a), that like salaries shall be paid for comparable duties and responsibilities, requires that they be paid in accordance with the salaries of those officers. The board maintains that the second sentence of

section 18850, subdivision (a), requires only internal parity within the civil service, and not external parity.

We agree with the defendants that the second sentence of section 18850, subdivision (a), requires only internal parity. This is indicated by Government Code section 18500, which provides in part: "It is the purpose of this part:... [¶] (c) To provide a comprehensive personnel system for the state civil service, wherein: [¶] (1) Positions involving comparable duties and responsibilities are similarly classified and compensated...." Section 18850 reiterates, in identical language, the declaration of purpose of section 18500, and must be considered in light of the purpose declared therein.

Moreover, as we noted in *State Trial Attorneys' Assn. v. State of California, supra*, 63 Cal.App.3d 298, the language used in the second sentence of section 18850, subdivision (a), is peremptory and imposes a mandatory duty upon the board, while the language used in the third sentence is mandatory only insofar as the board must consider the prevailing rates in nonstate employment. The third sentence does not impose a mandatory duty to rigidly obey nonstate rates of compensation. The construction of the second sentence of section 18850, subdivision (a), which is urged by plaintiffs would not only render the third sentence superfluous, it would render it in direct conflict with the second sentence.

Finally, the impossibility of the rule urged by plaintiffs convinces us that the construction of the second sentence of section 18850, subdivision (a), which they urge, is an incorrect interpretation. The State of California is large and diverse both in population and geography. Differences exist from community to community and from employer to employer, both in the private sector and in the government sector. A requirement of exact parity in compensation of state employees with private and other public employees would not only impose an unconsionable administrative burden, it would be impossible to achieve on a statewide basis. For this reason the board must necessarily have discretion in performing its mandatory duty of weighing private and other public compensation rates in setting and adjusting the rates of compensation for civil service employees.

While we agree with defendants that section 18850, subdivision (a) does not impose a requirement of exact parity of civil service compensation with nonstate employment, it does not follow that the demurrer

was properly sustained. The third sentence of section 18850, subdivision (a), imposes a mandatory duty to "consider" the "prevailing" rates of compensation in other public and private employment. That sentence implies a discretion, but not an absolute discretion on the part of the board. (See *State Trial Attorneys' Assn.* v. *State of California, supra,* 63 Cal.App.3d at pp. 303-304.) Plaintiffs alleged that the board determined the salary for California State Police officers in an arbitrary manner and that without reasonable justification it failed to consider nonstate public and private compensation rates for similarly situated employees. As the result the salaries provided to state police officers are well below the comparable rates for such other similarly situated employees.

A demurrer tests only the strength of the pleading and will lie only where the defects appear on the face of the pleading. (Code Civ. Proc., § 430.30.) For purposes of considering the demurrer all material, issuable facts properly pleaded in the complaint are deemed admitted, however improbable they may be. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 800, p. 2413.) The complaint and petition, liberally construed in favor of the plaintiffs, alleges that the board has acted arbitrarily and unreasonably in fullfilling its mandatory duty to consider the prevailing rates of compensation for comparable duties in other public and private employment. However difficult it may be for plaintiffs to succeed with this action, they have alleged facts sufficient to establish an abuse of discretion on the part of the board and have thus stated a cause of action.

Nothing in *Conference of Referees* v. *State Personnel Board* (1968) 262 Cal.App.2d 131 [68 Cal.Rptr. 563], relied upon by defendants, compels a different conclusion. In that case certain referees sought declaratory relief and a writ of mandate to compel the board to set and adjust their salaries based upon those of superior and municipal court judges. The Court of Appeal affirmed the trial court's denial of such relief, finding no abuse of discretion on the part of the board. (262 Cal.App.2d at p. 144.) That decision was made, however, after a full evidentiary hearing in which the plaintiffs were unable to sustain their contention that the board had abused the broad discretion granted it in setting salaries. Moreover, it is clear from the decision that had an actual abuse of discretion been shown the same result would not have followed. (*Ibid.*) Although such an abuse of discretion as might justify *judicial interference is* difficult of proof, difficulty of proof is not a cause for sustaining a demurrer.

## III

Defendants contend that even if plaintiffs had a meritorious claim the dismissal of the complaint and petition was proper. Defendants argue that the issuance of a writ of mandate or declaratory judgment is discretionary and that no abuse of discretion can be shown. We disagree. The trial court did not exercise judicial discretion, and plaintiffs were not called upon in answer to the demurrer to respond to a requested exercise of discretion. The decision of the trial court was based solely upon the failure to state a cause of action, which we have determined was an erroneous decision.

■ Defendants argue that the enactment of the State Employer-Employee Relations Act (SEERA) (Stats. 1977, ch. 1159, § 4, p. 3751, codified in Gov. Code, § 3512 et seq.) gives the parties the power to ignore any judicial determination rendered in this action. Again we disagree. SEERA, which was upheld by the Supreme Court against constitutional attack in *Pacific Legal Foundation* v. *Brown* (1981) 29 Cal.3d 168 [172 Cal.Rptr. 487, 624 P.2d 1215], deprives the defendant personnel board of the power to establish salaries for civil service groups only when an employee group has been chosen as the exclusive representative of an appropriate employee unit under the terms of that act. (Gov. Code, § 18850, subd. (b).) Moreover: "The board may make a change in salary range retroactive to the date of application for such change." (Gov. Code, § 18850, subd. (a).) In the event plaintiffs were to succeed in this litigation and the board, upon consideration, determined that a salary adjustment was appropriate then it could make a retroactive adjustment.

We further reject defendants' argument that the decision in *State Trial Attorneys' Assn.* v. *State of California, supra,* held that after the termination of the fiscal year a judicial determination would be ineffectual. In that decision we made it clear that the close of a fiscal year and the adjournment of the Legislature for that year would not foreclose appropriate salary adjustment. (63 Cal.App.3d at p. 305, fn. 8.)

■ In summary, we have concluded that the personnel board is granted broad discretion in setting civil service salaries, but that discretion must be exercised after "consideration" of the prevailing rates for comparable noncivil service employment. Plaintiffs have alleged that the board abused its discretion in setting their salaries by refusing to consider the appropriate noncivil service employment rates. Such an al-

legation is sufficient to entitle plaintiffs to present their proof, however difficult it may be to succeed in their claim. The trial court thus erred in sustaining the demurrer to the complaint and petition and in dismissing the action.

The judgment of dismissal is reversed and the cause remanded for further proceedings in accordance with the views expressed herein.

Regan, Acting, P. J., and Blease, J., concurred.

A petition for a rehearing was denied July 17, 1981.