[No. C063118. Third Dist. May 25, 2011.]

CALIFORNIA ASSOCIATION OF PROFESSIONAL SCIENTISTS, Plaintiff and Respondent, v.
DEPARTMENT OF FINANCE et al., Defendants and Appellants.

**COUNSEL**

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Jonathan K. Renner, Assistant Attorney General, Stephen P. Acquisto, Kimberly J. Graham and Donna Ferebee, Deputy Attorneys General, for Defendants and Appellants.

Gerald A. James for Plaintiff and Respondent.

**OPINION**

**NICHOLSON, J.**—The state Department of Finance appeals from a judgment issuing a writ of mandate compelling it to take all feasible steps necessary to present salary adjustments approved by the state Department of Personnel Administration to the Legislature for possible appropriation. We reverse the judgment. We conclude the statutes on which the trial court relied impose no ministerial duties on the Department of Finance to perform the acts commanded by the writ.

### STATUTORY BACKGROUND

Defendant Department of Personnel Administration (DPA) manages the nonmerit aspects of the state's personnel system. (Gov. Code, § 19815.2.)[1] "In general, the DPA has jurisdiction over the state's financial relationship with its employees, including matters of salary, layoffs and nondisciplinary

---

[1] Undesignated references to sections are to the Government Code.

demotions. (§§ 19816, 19816.2, 19825, 19826.)" (*Tirapelle v. Davis* (1993) 20 Cal.App.4th 1317, 1322 [26 Cal.Rptr.2d 666] (*Tirapelle*).)

The Legislature has delegated to DPA the authority to set salaries for state employees excluded from collective bargaining. (§§ 19825, 19826.) Employees excluded from collective bargaining include employees classified as supervisors. (§§ 3513, subd. (g), 3527, subd. (b).)

DPA must establish salaries for these employees based on the principle that similar salaries shall be paid for similar work. Section 19826 requires DPA to "establish and adjust salary ranges for each class of position in the state civil service subject to any merit limits contained in Article VII of the California Constitution. The salary range shall be based on the principle that like salaries shall be paid for comparable duties and responsibilities." (§ 19826, subd. (a).)

However, DPA's mandate to establish like salaries is conditioned in one respect. Section 19826 states DPA "shall make no adjustments that require expenditures in excess of existing appropriations that may be used for salary increase purposes." (§ 19826, subd. (a).)

Section 19826 thus imposes on DPA a mandatory duty to set salary ranges in parity with those for employees performing comparable duties and responsibilities in other state agencies "when that action can be taken · without requiring expenditures in excess of current appropriations." (*State Trial Attorneys' Assn. v. State of California* (1976) 63 Cal.App.3d 298, 305 [133 Cal.Rptr. 712] (*State Trial Attorneys' Assn.*).)

"The rule prohibiting expenditures in excess of available appropriations is fundamental and the Legislature has incorporated it into numerous statutory provisions concerning state employee compensation. (See, e.g., §§ 9610, 19834, 19835.) The rule is of constitutional origin. (Cal. Const., art. XVI, § 7.)" (*Tirapelle, supra,* 20 Cal.App.4th at p. 1326, fn. 13.)

Thus, any salary range increase approved by DPA that exceeds existing appropriations is not effective until the Legislature appropriates funds for it. "The power of appropriation resides exclusively in the Legislature." (*Tirapelle, supra,* 20 Cal.App.4th at p. 1321.) DPA's authority to set salaries "is quasi-legislative [citation], and is thus subject to the ultimate authority of the Legislature to reject or alter such exercise of authority through appropriate legislation." (*Id.* at p. 1323, fn. 8.)

Defendant Department of Finance is an integral participant in the appropriation process. "In our governmental scheme of things, the Department of Finance has general powers of supervision over all matters concerning the financial and business policies of the state. (§ 13070.) Every state agency or court for which an appropriation has been made must submit to the Department of Finance a complete and detailed budget setting forth all proposed expenditures and estimated revenues for the ensuing fiscal year. (§ 13320.) In the budget submitted to the Department of Finance, each agency must estimate and call attention to the sums necessary for employee compensation, including merit salary adjustments. (§ 19835.5.) Until enactment of the budget act containing appropriations for the fiscal year, the Department of Finance may revise, alter or amend the budget of any state agency. (§ 13322.) The Department of Finance then assists the Governor in preparing the budget which the state Constitution requires the Governor to submit to the Legislature. (§ 13337.)" (*Tirapelle, supra,* 20 Cal.App.4th at pp. 1320–1321, fn. omitted.)

This appeal arises from DPA approving increased salary ranges that had not been appropriated by the Legislature. At issue is the extent to which a court can order the Department of Finance (Finance) to seek an appropriation to implement the salary adjustments.

## FACTS

Plaintiff California Association of Professional Scientists (CAPS) is a supervisory employee organization. (§ 3527, subd. (c).) It represents state employees who are employed in supervisory scientific classifications.

In November 2006, CAPS challenged the salary ranges for 14 supervisory scientist classifications. It claimed the salaries for these employees were no longer similar to salary ranges approved for 14 supervisory engineer classifications. CAPS claimed these discrepancies violated section 19826's mandate of like pay for like work.

DPA investigated the complaint. Following a hearing, DPA determined in April 2008 that CAPS's allegations were mostly correct. It concluded the duties and responsibilities of the 14 supervisory scientist classifications were similar, but not identical, to the duties and responsibilities assigned in the 14 supervisory engineer classifications. Accordingly, DPA recommended adjustments in the salary ranges for the 14 supervisory scientist classifications.

Also in its decision, DPA informed CAPS it would forward its report to Finance: "Consistent with Government Code 19826, the Department of Finance must determine whether the recommended pay adjustment is within

existing salary appropriations." DPA forwarded its decision to Finance and asked it to determine whether the recommended salaries were within existing appropriations.

Finance responded by letter dated May 7, 2008. It informed DPA the Legislature had not appropriated funds for the recommended salary adjustments.

In turn, DPA, by letter dated June 27, 2008, informed CAPS of Finance's determination: "DPA is not aware of any money [Finance] has identified for this pay adjustment. As you know, when funds are unavailable for salary adjustments, expenditures must be approved by the Legislature."

That same day, CAPS filed a complaint for declaratory relief and petition for writ of mandate in Sacramento County Superior Court. It named as Defendants DPA and its director, Finance and its director, and the State Controller. CAPS sought a declaration and a writ of mandate entitling its members in the 14 supervisory scientific classifications to the higher salaries approved by DPA for fiscal years 2005–2006, 2006–2007, 2007–2008, and for 2008–2009, which fiscal year would begin in four days, July 1, 2008.

CAPS also sought a writ of mandate commanding DPA and Finance to include in the proposed state budget a recommended appropriation to fund the adjusted salaries effective the 2008–2009 fiscal year.

The trial court granted relief in part. The court denied the request for declaratory relief and writ of mandate to implement the salary adjustments. It determined the recommended salary adjustments exceeded existing appropriations. Thus, DPA was precluded by section 19826 from implementing the salary adjustments.

However, the trial court found that in the absence of existing appropriations, DPA and Finance had statutory obligations to take all feasible steps to present the recommended salary adjustments to the Legislature for possible appropriation. The court stated these obligations arose from section 19826's requirement of like pay for like work.

The trial court stated these obligations also arose from section 18500. That statute declares the state is to "provide a comprehensive personnel system for the state civil service, in which . . . [¶] . . . [p]ositions involving comparable duties and responsibilities are similarly classified and compensated." (§ 18500, subd. (c)(1).) According to the court, "[w]ithholding that information from the Legislature and allowing the recommended salary adjustments to founder would degrade the statutory like-pay-for-like-work principle [in] section

198[26] and defeat the related legislative purpose in section 18500. (See *State Trial Attorneys' [Assn., supra*, 63 Cal.App.3d at pp.] 303–305.)"

The trial court thus ordered DPA to furnish Finance with accurate information about the amount of funds needed to implement the salary adjustments, and it ordered Finance to present that information to the Legislature for the latter's consideration in appropriating funds for state employee salary adjustments. The order for the writ reads: "For as long as the adjustments recommended for the 14 supervisory scientist classifications require expenditures in excess of existing appropriations that may be used for salary purposes, [defendants] Department of Finance and the Director of Finance shall include accurate information furnished by [defendant] Department of Personnel Administration about the amount of funds needed for the salary adjustments in a Budget Act Log or other document presented to the legislature for its consideration in appropriating funds for state employees' salary increases."

The order requires DPA and Finance to present this information to the Legislature until either the Legislature appropriates the needed funds or DPA determines the factual basis supporting the adjustments is no longer valid.

DPA did not appeal from the judgment.

Finance has appealed. It claims the trial court's mandamus relief exceeded the court's jurisdiction. It asserts Finance has no ministerial duty under section 19826 or 18500 to inform the Legislature an appropriation is needed to fund the salary adjustments.

Finance also claims the court's order improperly requires Finance to exercise its discretion in a particular manner. Finance has discretion not to include proposed appropriations in the budget bill the Governor submits to the Legislature with Finance's assistance. Requiring Finance to seek appropriations for the adjusted salaries compels Finance to exercise its discretion in a manner contrary to its intention.

## DISCUSSION

Finance claims the trial court exceeded its jurisdiction by mandating it to present the increased salary ranges approved by DPA to the Legislature for its consideration in appropriating funds. Finance argues neither section 19826 nor section 18500 imposes on it a ministerial duty to seek an appropriation to fund salary adjustments approved by DPA. We agree.

■ Ordinary mandamus lies to compel the performance of a clear, present, and ministerial duty where the petitioner has a beneficial right to performance of that duty. (Code Civ. Proc., § 1085; *Carrancho v. California Air Resources Board* (2003) 111 Cal.App.4th 1255, 1264–1265 [4 Cal.Rptr.3d 536] (*Carrancho*).) An appellate court reviewing a mandamus judgment must determine whether the agency had a ministerial duty capable of direct enforcement. (111 Cal.App.4th at p. 1266.)

■ " 'A ministerial act is an act that a public officer is required to perform in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning such act's propriety or impropriety, when a given state of facts exists.' [Citation.]" (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916 [129 Cal.Rptr.2d 811, 62 P.3d 54] (*Kavanaugh*).)

Whether Finance has a ministerial duty to propose specific appropriations under sections 19826 and 18500 depends upon the meaning of those statutes. Because the trial court's decision did not turn on any disputed facts, its interpretation of sections 19826 and 18500 is subject to our de novo review. (See *Kavanaugh, supra,* 29 Cal.4th at p. 916; *Carrancho, supra,* 111 Cal.App.4th at p. 1266.)

■ Neither section 19826 nor section 18500 imposes ministerial duties on Finance. Section 19826 does not require Finance to perform any duty whatsoever. The statute imposes duties only on DPA. It requires DPA to adjust salaries based on the principle that like salaries be paid for like work. It prohibits DPA from adjusting salaries to the extent funds for new salaries have not been appropriated. Section 19826 imposes no duty on Finance to do anything, let alone seek appropriations necessary to implement salary adjustments. The statute imposes no further obligations once DPA determines the proposed salaries cannot be paid with existing appropriations.[2]

The trial court concluded that not interpreting section 19826 to require Finance to seek appropriations would defeat the statute's principle of like pay for like work. However, this interpretation ignores the condition section 19826 expressly imposes on that principle. Like pay for like work is to be achieved within existing appropriations. Any additional appropriations are within the discretion of the Legislature and the Governor as they craft a budget. They can choose to reject proposed salary adjustments despite section 19826.

---

[2] Section 19826 also does not impose on DPA a duty to furnish Finance with information regarding its need for appropriations to fund salary adjustments. That duty appears to be imposed on DPA by section 19835.5: "In submitting budgetary requirements to the Director of Finance, each appointing power shall carefully estimate and call attention to the need for money sufficient to provide for appropriate salary adjustments for the employees under his or her jurisdiction."

Nor can it be seriously argued the Legislature would not know of, or consider the need for additional appropriations to fund the proposed salary adjustments. In this case, urgency legislation was introduced in the Assembly on February 21, 2008 (Assem. Bill No. 2519 (2007–2008 Reg. Sess.)), to appropriate funds for the salary adjustments for the then current fiscal year. On February 26, 2009, another bill was introduced (Assem. Bill No. 790 (2009–2010 Reg. Sess.)) to authorize existing appropriations and transfers between approved budget items to fund the salary adjustments. The Legislature was aware of the adjusted salaries approved by DPA.

■ In addition, section 13337, subdivision (f), requires Finance to submit to the committees in the Assembly and Senate which consider appropriations and to the Joint Legislative Budget Committee "copies of budget materials submitted to it" by state agencies for Finance's approval. Thus, the Legislature will be informed of the need for additional appropriations to fund the adjusted salaries without the trial court having to expand section 19826's mandate beyond the statute's express language.

■ Section 18500 also imposes no duty on Finance to seek appropriations for salary adjustments approved by DPA. Section 18500 enumerates the state's objectives and purposes for adopting a civil service. One of those objectives is to compensate positions involving comparable duties and responsibilities similarly. (§ 18500, subd. (c)(1).) Although we once referred to this objective as a "cardinal objective" (*State Trial Attorneys' Assn., supra*, 63 Cal.App.3d at p. 304), it is nonetheless an objective as stated in section 18500, not a ministerial duty. Reciting legislative goals does not create mandatory duties. (See *Wilson v. County of San Diego* (2001) 91 Cal.App.4th 974, 980 [111 Cal.Rptr.2d 173]; *Ibarra v. California Coastal Com.* (1986) 182 Cal.App.3d 687, 695 [227 Cal.Rptr. 371].)

■ The trial court concluded not requiring Finance to forward the salary information to the Legislature would defeat section 18500's purpose. That conclusion demonstrates the court applied the wrong test. Mandate lies to enforce a specific ministerial duty, not a broad legislative purpose. Even section 18500 states an employee's right to comparable pay is subject to the discretion vested in the Legislature to determine the best interests of the state. (§ 18500, subd. (c)(4).) Matters subject to discretion are not subject to writs of mandate.

CAPS asserts that once DPA has approved salaries requiring additional appropriation, Finance has a ministerial duty to include those salaries in the proposed state budget or another acceptable vehicle. It cites sections 13322

and 13337, subdivision (a), along with our decision in *State Trial Attorneys' Assn.* as the basis for the ministerial duty. However, neither sections 13322 and 13337, subdivision (a), nor *State Trial Attorneys' Assn.* supports CAPS's argument.

■ Section 13322 expressly defeats CAPS's claim. Section 13322 vests in Finance the authority to revise, alter, or amend any fiscal year budget prior to the enactment of the budget act if Finance determines the changes are "required in the interest of the State." Thus, even after DPA submits its proposed budget to Finance for approval, Finance can change DPA's proposal up until the budget act is enacted. Section 13322 most certainly does not impose a duty on Finance to seek appropriations requested in DPA's proposed budget.[3]

Section 13337, subdivision (a), also offers CAPS no support. That statute requires the Governor's proposed budget to "contain a complete plan and itemized statement of all proposed expenditures of the state provided by existing law or recommended by him or her . . . ." (§ 13337, subd. (a).) CAPS asserts this statute requires Finance, and the Governor, to include DPA's proposed salary adjustments in the proposed budget because they are expenditures "provided by existing law," i.e., as a result of section 19826's requirement of like pay for like work.

■ This argument ignores how section 19826 operates. Section 19826 expressly prohibits DPA from adjusting salaries where no appropriation to fund the adjustment exists. Thus, the new salaries cannot be seen as "provided by existing law" because existing law prevented their adoption by DPA. Rather, if they are submitted in the proposed budget act, they are recommendations by the Governor, and nothing in any law cited to us by the parties requires the Governor to seek appropriations for adjusted salaries approved by DPA.

CAPS relies on *State Trial Attorneys' Assn.* to support the trial court's writ, but its reliance is misplaced. In that 1976 case, we concluded the State

---

[3] CAPS introduced the deposition testimony of Timothy Lynn, Finance's assistant program budget manager, to suggest Finance has a mandatory duty to seek appropriations for approved salary adjustments. Lynn described the process Finance usually follows: It receives requests from DPA for salary adjustments in a budget log, builds the proposed budget around the budget log, and then shares the log with the Legislature. CAPS claims this indicates Finance has a duty to present the recommended salary adjustments to the Legislature for funding. However, section 13332 grants Finance the authority to revise any proposed budget DPA submits to it before the budget act is adopted. Finance thus has discretion to alter the process explained by Lynn and determine not to include the requested salary adjustments in the proposed state budget.

Personnel Board, then responsible for setting salaries as DPA is today, violated the like-pay-for-like-work principle in section 19826's predecessor statute by refusing to establish salaries for upper-level attorneys working in the Department of Transportation similar to those for upper-level attorneys working in the Attorney General's Office and the Legislative Counsel Bureau. (*State Trial Attorneys' Assn., supra*, 63 Cal.App.3d 298.)

The State Personnel Board claimed it was not required to set similar salaries because doing so would have resulted in some attorneys earning more than their superiors, for whom the board did not set salaries. (*State Trial Attorneys' Assn., supra*, 63 Cal.App.3d at pp. 300–302.) We disagreed, ruling the statute demands the like-pay-for-like-work principle "be applied to reach dollar results." (*Id.* at p. 304.) We ordered the board to set comparable salaries, but to do so "whenever compliance can be achieved without violating the statute's restriction against adjustments in excess of existing appropriations." (*Id.* at p. 305.)

*State Trial Attorneys' Assn.* is inapplicable here. It did not involve or even mention an affirmative obligation on DPA's predecessor or Finance to seek appropriations for salary adjustments approved by DPA that exceed existing appropriations. The case has no application to this appeal.

CAPS relies on our gratuitous statement in *State Trial Attorneys' Assn.* that the State Personnel Board "may lawfully adjust these salaries in the expectation of adequate appropriations for the [next fiscal year]." (*State Trial Attorneys' Assn., supra*, 63 Cal.App.3d at p. 305.) CAPS mistakenly claims this statement indicates the trial court in the present action has the authority to compel Finance to include the salary adjustments in the proposed budget for the Legislature's consideration. At best, the statement, amounting to very weak dicta, appears to be based on the resolution of a factual issue unique to that case. Certainly under the state's current fiscal status, there can be no reasonable expectation of adequate appropriations to fund new salary adjustments for any state agency.

For all of the above reasons, we conclude the writ was issued in error. Sections 19826 and 18500, as well as sections 13322 and 13337, subdivision (a), impose no ministerial duty on Finance to present the proposed budget increases to the Legislature for appropriation. Because we reverse on this basis, we need not reach the other arguments raised by Finance.

## DISPOSITION

The judgment is reversed. Costs on appeal are awarded to appellant Department of Finance. (Cal. Rules of Court, rule 8.278(a).)

Blease, Acting P. J., and Hull, J., concurred.

Respondent's petition for review by the Supreme Court was denied August 10, 2011, S194523.