■ MARGARET STEMPER, Respondent, v KENNETH STEMPER, Appellant. —In an action in which the plaintiff wife was granted a judgment of divorce, defendant appeals from an order of the Supreme Court, Suffolk County, dated May 19, 1976, which (1) granted plaintiff's motion to modify the said judgment by increasing the amount of alimony and child support awarded therein and (2) awarded her a counsel fee. Order reversed, without costs or disbursements, and motion granted only to the extent that Special Term is directed to schedule the matter for an immediate hearing as to all of the issues raised. The considerable increases in alimony and child support, and the counsel fee which was awarded, cannot be sustained on the present record, which contains no proof as to the defendant's present financial situation. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■ ALBERT E. STOKES, Appellant, v COUNTY OF SUFFOLK, Respondent.— In an action to recover a sum of money representing the difference in the salary received by plaintiff under an erroneous classification and the salary he should have received, plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County, dated January 27, 1976, as, after a nonjury trial, limited recovery of salary arrears to the period after April 13, 1972, and denied recovery of such salary arrears for the period from July, 1967 to April 13, 1972. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, judgment granted in favor of plaintiff for the full amount of salary arrears from July, 1967 to April 13, 1972, and action remitted to Trial Term for an inquest on the amount owing. No findings of fact were presented for review. In our opinion plaintiff was not required to notify defendant of his claim of insufficient pay, as the function of certifying plaintiff's title, grade and salary step, and of notifying defendant thereof, was reserved to the Administrative Board of the Judicial Conference. When plaintiff and others prevailed in their proceeding against the administrative board for reclassification (Matter of Cafiso v McCoy, 35 AD2d 1058), and the administrative board notified defendant to reclassify plaintiff retroactively as of July, 1967, defendant was obligated to pay plaintiff the full difference between the salary he received and the salary he should have received (see Civil Service Law, §§ 115, 118, subd 1, par [c]). Hopkins, Acting P. J., Martuscello, Damiani and Hawkins, JJ., concur.