[Civ. No. 19025. Third Dist. June 30, 1980.]

YOLO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE YOLO COUNTY
JUDICIAL DISTRICT OF YOLO COUNTY, Defendant
and Respondent;
LORETTA SHUGART, Real Party in Interest and Respondent.

**Counsel**

Charles R. Mack, County Counsel, Robert A. Rundstrom, Chief Deputy County Counsel, C. Lee Humes, Senior Deputy County Counsel, Melba Yee, Bruce M. Rosenthal, Elizabeth A. Stolz and Merrill A. Frankel, Deputy County Counsel, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Noreen B. Mazelis for Real Party in Interest and Respondent.

**Opinion**

**LALLY, J.*—**The Yolo County Department of Social Services (Department) petitioned the Superior Court of Yolo County for a peremptory writ of mandate and/or prohibition directing the municipal court to sustain its demurrer to a complaint for extra compensation for out-of-class work by real party in interest Loretta Shugart. The superior court denied the petition and the Department appeals.[1]

---

*Assigned by the Chairperson of the Judicial Council.

[1]Real party in interest Shugart states that an order denying a petition for writ of mandate and/or prohibition is not an appealable order. We disagree. The appeal is proper. (See *Daggs v. Personnel Commission* (1969) 1 Cal.App.3d 925, 930 [82 Cal.Rptr. 157].)

The Department contends (1) that the municipal court should have sustained its demurrer because an employee compensation grievance can only be redressed in an administrative proceeding with review by way of administrative mandate (Code Civ. Proc., § 1094.5), (2) that the municipal court does not have jurisdiction to hear proceedings in administrative mandate, (3) that a public employee cannot sue in assumpsit for work out-of-class, (4) that the Department is not a public entity subject to suit, and (5) that the superior court erred in determining that it had an adequate remedy without resort to an extraordinary writ.

We find no abuse of discretion in the superior court's determination that the Department's legal remedy is adequate and affirm the order denying the petition for a writ of mandate and/or prohibition.

FACTS

This dispute arises out of the alleged out-of-class work of departmental employee Shugart during the period August 1, 1975, through August 30, 1977. Shugart filed a grievance with the labor relations panel of Yolo County in which she alleged that, although she had been classified and paid as a "Vocational Assistant," she had actually performed the duties of an "Eligibility Worker." The panel heard the grievance and determined that Shugart had in fact performed the duties of an eligibility worker beginning August 1, 1975. The panel denied Shugart's claim for extra compensation prior to August 30, 1977, however, because it concluded that prior to that date there was no basis upon which an employee could claim such compensation. August 30, 1977, was the effective date of a memorandum of understanding between Yolo County and its employees which provided, among other things, for the payment of extra compensation for out-of-class work and the creation of the labor relations panel to resolve grievances.

Shugart filed a complaint in the municipal court on a common count for labor performed. Pursuant to stipulation a first amended complaint was filed. In her first amended complaint Shugart sought the difference between her actual earnings and the earnings of an eligibility worker for the period August 1, 1975, through August 30, 1977. The Department demurred to the first amended complaint on the same grounds that it raises on this appeal. The municipal court overruled the demurrer, stating: "Plaintiff states a cause of action by a liberal construction of the pleading in Paragraph V for wages earned but never paid, if

plaintiff received a promotion by assignment to 'general assistance' and did not receive increased salary."

The Department filed a petition for a writ of mandate and/or prohibition in the superior court. The superior court denied the petition for the following reasons: (1) the municipal court has jurisdiction to hear the matter; (2) Shugart is not required to proceed by way of administrative mandate; (3) the Department failed to demonstrate that it has no adequate remedy at law; (4) a public entity may be sued in assumpsit; and (5) the Department is a public entity which may be sued. The Department appeals from the denial of its petition for a writ of mandate and/or prohibition.

### DISCUSSION

The Department contends that Shugart was required to pursue an administrative remedy through a hearing by the labor relations panel, and that review of the panel's decision could only be in a proceeding for writ of administrative mandate over which municipal courts lack jurisdiction. Code of Civil Procedure section 1094.5, subdivision (a), provides that administrative mandate is issued for the "purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal, corporation, board or officer." The parties vigorously dispute the question whether a hearing pursuant to contract between a public employer and its employees is a proceeding in which by law a hearing is required to be given.

The complaint and exhibits thereto show that prior to the memorandum of understanding between the county and its employees, the labor relations panel did not exist. That panel was provided for by the memorandum of understanding in order to resolve employee grievances arising under the memorandum. The panel heard Shugart's grievance and ordered that she be compensated as an eligibility worker after August 30, 1977, but refused to order compensation prior to that date because the memorandum of understanding was not in effect prior to that date. Whether the panel had the authority to consider and determine employee grievances which arose prior to the effective date of the memorandum, or those which arose outside of the provisions of the memorandum, is not disclosed by the complaint or the exhibits thereto. It is fundamental that a demurrer is an attack against the complaint on

its face, it should not ¡ sustained unless the complaint shows that the action may not be puued. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 797,). 2410-2412.) The complaint and exhibits do not establish that plainti had an administrative remedy for recovery of compensation for out-of-lass work for the period prior to the effective date of the memorandunof understanding, and liberal construction of the complaint in favor othe plaintiff tends to indicate otherwise. The municipal court did not e in overruling the demurrer on the asserted ground that administrativmandate was the appropriate remedy.

The Department cctends, however, that an employee may not sue a public employer in ssumpsit for extra compensation for work out-of-class. There is suppo for this contention. Article XI, section 10, subdivision (a) of the Calirnia Constitution prohibits a county from paying an employee extra mpensation for service which has already been rendered. Moreover, it fundamental that a public employee may not acquire such a right. (*Sɑ Francisco City etc. Employees Internat. Union* v. *City and County of an Francisco* (1975) 49 Cal.App.3d 272, 277 [122 Cal.Rptr. 293].) Athis court indicated in *Snow* v. *Board of Administration* (1978) 87 C.App.3d 484, at p. 489 [151 Cal.Rptr. 127], an employee and her su;rvisors cannot be allowed to circumvent the legally required hiring schme by the mere assumption by the employee of the duties of a positn to which all are aware the employee has not been appointed.

The problem with applying tł body of law to the instant case lies in the stage of the proceedings in te municipal court. A demurrer attacks only defects appearing on the ice of the complaint. Nothing on the face of the complaint or in the ehibits to the complaint establishes the Yolo County system of hiring anpromoting its employees. For all that appears from the complaint, a Yo County employee may be promoted to a higher office merely by bein assigned to the duties of that office by her superiors. In that case, Sugart's suit would not be for extra compensation for work in a class ) which she had not legally been appointed, but would be for full comɔnsation for work in a class to which she was legally appointed. While sh actions normally proceed by petition for writ of mandate compellił the payment of salary (*Martin* v. *Henderson* (1953) 40 Cal.2d 583 [ɔ5 P.2d 416]; *Broyles* v. *State Personnel Board* (1941) 42 Cal.App.ɔ 303 [108 P.2d 714]), no reason appears that would preclude a comlaint for services rendered. Moreover, in overruling the demurrer tł municipal court stated that by liberally construing the pleadings it iscerned such a cause of action.

It might be argued that in considering wjther to issue a writ of mandate and/or prohibition the superior courthould have taken judicial notice of the Yolo County Charter and itrules and regulations for the employment and promotion of employs in order to determine whether Shugart could properly pursue her aim. We believe, however, that such a determination is more appropriely left for summary judgment in the municipal court. Mandate androhibition are prerogative writs and too lax a view of the "extraordary" nature of such relief might well result in more harm to the judicl process than the denial of immediate relief from less significant erro. (See *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 16 170 [84 Cal.Rptr. 718, 465 P.2d 854].) The municipal court overrulethe demurrer on the limited basis that the complaint states a cause oaction for full compensation for work in an office to which Shugart ld been legally assigned, the Department will have ample opportunity place the Yolo County promotion and hiring rules and regulatior before the municipal court, along with other evidence relating to thproper classification to which Shugart was assigned, on motion for summary judgment. The municipal court may then determine whetherhugart may pursue her claim. The Department has shown nothing whh would justify the interference with the municipal court's function vich the petition for a writ of mandate and/or prohibition seeks.

We finally consider the Deparaent's contention that it is not a public entity which is subject to suit. Overnment Code section 945 provides: "A public entity may sue ancbe sued." Section 940.4 of that code provides: "'Local public entityincludes a county, city, district, public authority, public agency, ancany other political subdivision or public corporation in the State, but ces not include the State." The Department argues that it is not a polic entity, apparently contending that the complaint should have bee filed against Yolo County.

The Department has cited no relant authority which would require the restrictive meaning of "public ntity" which it seeks to apply, but even were we to agree with the Deartment's contention we can find no abuse of the trial court's discretic in refusing to issue a writ of mandate and/or prohibition. In *Califrnia Securities Co.* v. *State* (1931) 111 Cal.App. 258 [295 P. 583], t plaintiffs filed an action against the Secretary of State, who could n legally be sued. The plaintiffs later secured an order from the trial cart that the action was in effect an action against the state, and the ate was substituted as defendant. The Court of Appeal affirmed, statg that the furtherance of justice de-

manded that the substitution of parties be upheld. (111 Cal.App. at p. 262.) In *Siegal* v. *Superior Court* (1962) 203 Cal.App.2d 22 [21 Cal.Rptr. 348], a defendant petitioned for a writ of mandate compelling dismissal when there was a defect of parties. The Court of Appeal denied the petition, stating that the plaintiff should be given a fair opportunity to cure the defect in the trial court. (203 Cal.App.2d at p. 27.)

In stating his reasons for denying the petition for a writ of mandate and/or prohibition, the trial judge indicated that although he believed the Department was a public entity subject to suit, the County of Yolo could well be added as a party defendant to eliminate any difficulty therein. Under such circumstances the court could well conclude that the issuance of an extraordinary writ was unnecessary and unjustified. We find no abuse of discretion.

The order of the Superior Court of Yolo County denying the petition for a peremptory writ of mandate and/or prohibition is affirmed.

Paras, Acting P. J., and Evans, J., concurred.