324 S.E.2d 363 (1984)
AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, April Moyers, Doris Bias, Randa J. Watson, Rose Ann Vincent, Gail Fry, Elizabeth Kennedy, Sandra Perry, Patricia Weaver, Linda Seals, Rose Truex, Roberta Sue Boggs, Darlene Butcher, Betty Gill, Brenda Gilbert, Darlene Cremeans, Emma Crites, Kenda Weaver and Constance Dana
v.
CIVIL SERVICE COMMISSION OF WEST VIRGINIA and Department of Human Services of West Virginia.
No. 16425.
Supreme Court of Appeals of West Virginia.
December 20, 1984.
*364 James M. Haviland, McIntyre, Haviland & Jordan, Charleston, for petitioners.
Gregory W. Bailey, Deputy Atty. Gen., Charleston, for respondent Civil Service.
Joanna Bowles, Asst. Atty. Gen., Charleston, for respondent Dept. of Human Services.
McHUGH, Chief Justice:
This action is before this Court upon a petition in which certain employees of the Department of Human Services of West Virginia[1] seek relief concerning their employment classifications and salaries under the West Virginia Civil Service system. The petitioners, April Moyers, et al., are members of the American Federation of State, County and Municipal Employees, a labor organization. The Civil Service Commission of West Virginia and the Department of Human Services are the respondents. This Court has before it the petition (as amended), the response, all matters of record and the briefs and argument of counsel.
By order dated July 25, 1984, this Court directed the respondents to show cause why relief in mandamus should not be awarded against them. In September 1984, we refused a motion to dismiss the Civil Service Commission from this action. Subsequently, pursuant to an agreement of the parties, this Court dismissed all of the issues in this action, except for the issue of whether the petitioners are entitled to retroactive pay for work performed "out of classification" during the period in question.
*365 For the reasons stated below, we hold that the petitioners are entitled to retroactive pay.

I
The Department of Human Services, a division of state government, employs approximately 2,400 persons. Most of those employees, including the petitioners, are covered by this State's civil service system.
As reflected in the record, employment with the Department of Human Services has been divided into several classifications for civil service purposes. Those classifications include Economic Service Worker I, II and III. The duties of Economic Service Workers include providing assistance to persons applying for benefits under such programs as Aid to Families with Dependent Children. Among the three classifications, Economic Service Worker III's receive the highest salary.
The petitioners, classified as Economic Service Worker I or II, filed with the Department of Human Services grievances which alleged that they had been working "out of classification," i.e., that the petitioners had been performing the duties of an Economic Service Worker III. The petitioners asserted that they were entitled to be classified as Economic Service Worker III, with the appropriate salary and retroactive pay.[2]
As a result of the filing of numerous grievances, the Civil Service Commission in September 1983 ordered its Classification Division to study the Department of Human Services concerning the validity of the Department's employment classifications. That study revealed that Economic Service Workers I, II and III were performing essentially the same duties within the Department.
Accordingly, on June 1, 1984 (and effective July 1, 1984), the Civil Service Commission modified certain classifications of the Department of Human Services. That modification or "reclassification" included, inter alia, the elimination of the Economic Service Worker III classification[3] and the revision of the Economic Service Worker I and II classifications. Under the reclassification, Economic Service Workers I and II were differentiated by the "level of difficulty of the duties performed and responsibility assumed." Economic Service Worker II became the higher classification, and, as the record indicates, the duties of that classification included work concerning Aid to Families with Dependent Children.
The validity and fairness of the June 1, 1984, reclassification by the Civil Service Commission was challenged in this action. As indicated above, however, the parties have resolved their differences, except for the issue of retroactive pay.
The Civil Service Commission denied the petitioners retroactive pay[4] even though *366 the Commission found that prior to the reclassification most petitioners had performed "the full range of economic service tasks including taking applications and determining eligibility for Aid to Families with Dependent Children...." The Civil Service Commission thus recognized the legitimacy of the petitioners' grievances but denied retroactive pay.
Contending that the denial of retroactive pay was improper, the petitioners assert that the Civil Service Commission ignored "the obvious reality that the lower classified employees in ESW I and II were receiving less pay than the higher classified employees in the classification ESW III, even though by the admission of all involved, they were performing the same work...."[5]

II
This Court, in the syllabus of Guine v. Civil Service Commission, 149 W.Va. 461, 141 S.E.2d 364 (1965), recognized that "[a] final order of the Civil Service Commission, based upon findings not supported by the evidence, upon findings contrary to the evidence, or upon a mistake of law, will be reversed and set aside by this Court upon review." See also syl., Billings v. Civil Service Commission, 154 W.Va. 688, 178 S.E.2d 801 (1971).
The record in this action clearly demonstrates that prior to the June 1, 1984, reclassification of the Department of Human Services there was no distinction in reality among the duties performed by Economic Service Workers I, II and III. Some of those duties, however, were more difficult than others. For example, the processing by Economic Service Workers of the applications of claimants for Aid to Families with Dependent Children (AFDC) was more difficult than the processing of applications for the Transportation Remuneration Incentive Program (TRIP).
The Civil Service Commission specifically determined that the duties of the petitioners, prior to the reclassification, included the more difficult matters. As the Commission determined with respect to petitioners Bias, Moyers, Vincent and Watson: "This Commission determines that Doris Bias, ... April Moyers, Rose Ann Vincent and Randa J. Watson perform the full range of economic service tasks including taking applications and determining eligibility for Aid to Families with Dependent Children (AFDC), food stamps, medical assistance and other economic services."
Although prior to the reclassification there was no significant distinction made in the Department of Human Services in the duties performed by Economic Service Workers I, II and III, the differences in difficulty of work served as a basis before and after the reclassification for the Civil Service Commission's classifications of Economic Service Workers.
In Yolo County Department of Social Services v. Municipal Court, 107 Cal. App.3d 842, 166 Cal.Rptr. 96 (1980), the plaintiff, an employee of the Yolo County (California) Department of Social Services, filed a grievance with a labor relations panel in which she alleged that she was entitled to extra compensation for work "out of classification." The plaintiff alleged that "although she had been classified and paid as a `Vocational Assistant,' she had actually performed the duties of an `Eligibility Worker.'" 107 Cal.App.3d at 845, 166 Cal.Rptr. at 98. The board recognized the validity of the plaintiff's grievance but denied the plaintiff extra compensation for work performed prior to the effective date of a labor agreement which provided for such compensation. The plaintiff thereupon filed an action in a municipal *367 court seeking extra compensation for work performed prior to the agreement. Determining, inter alia, that the record failed to disclose an administrative remedy for such compensation, the California Court of Appeal in Yolo held that the plaintiff stated a cause of action for the extra compensation.
In a subsequent California case, the Court of Appeal, in Theroux v. State, 152 Cal.App.3d 1, 199 Cal.Rptr. 264 (1984), denounced the arbitrary exclusion of certain state employees from a statutory salary adjustment which had been granted to similarly situated employees. The Court stated: "To allow such an arrangement to stand would in effect create two separate pay scales for workers doing the same job, a situation violative of the primary principle of the Civil Service Act ` "that like salaries shall be paid for comparable duties and responsibilities."'" 152 Cal.App.3d at 8, 199 Cal.Rptr. at 268. Recognizing that the employees in question had worked during a time when their salary levels were in doubt and that they had "justification for contemplating the likelihood of ultimate salary corrections ....," 152 Cal.App.3d at 7, 199 Cal.Rptr. at 267, the Court concluded: "During the period in question respondents' [employees'] right to full compensation for services rendered matured immediately upon their rendition, regardless of the date the amount of such compensation was finally fixed." 152 Cal.App.3d at 8, 199 Cal.Rptr. at 267-68. (emphasis added).[6]
For the above reasons, this Court is of the opinion that the petitioners are entitled to retroactive pay for the period during which Economic Service Workers I, II and III of the Department of Human Services performed the same duties. Specifically, we hold that where employees of the Department of Human Services of West Virginia were classified for purposes of civil service as Economic Service Worker I or II, and the work performed by those employees was not distinguished by the Department of Human Services from the work performed by an Economic Service Worker III (a higher salaried position), such employees were entitled to the difference in compensation between their Economic Service Worker I or II classifications and the Economic Service Worker III classification. Our result in this action is particularly necessitated by the requirement of the civil service system of this State, as reflected in W.Va.Code, 29-6-10 [1977], that the principle of "equal pay for equal work in the several agencies of the state government shall be followed...."
The decisions of the respondent Civil Service Commission denying retroactive pay to the petitioners are hereby reversed, and this action is remanded to that Commission for a determination of the amount of retroactive pay to which each petitioner is entitled.
Reversed and remanded with directions.
NOTES
[1] The West Virginia Department of Human Services was formerly known as the West Virginia "department of welfare." W.Va.Code, 9-2-1a [1983].
[2] Nearly all of the many petitioners in this action were classified as Economic Service Worker I or II, and they sought the Economic Service Worker III position, with appropriate salary and retroactive pay. However, this Court has carefully examined the exhibits and finds that a few of the petitioners do not meet that description. Patricia Weaver, for example, was classified as a Case Aide II, and she sought a Social Service Worker II classification. See petitioners' exhibit E-3. Upon remand of this action, the status of such petitioners should, in light of the principles of this opinion, be re-examined by the respondents.
[3] The respondents have indicated that by amendment to the Civil Service Commission reclassification of the Department of Human Services, the classification Economic Service Worker III was reinstated. That amendment, however, is not relevant to the disposition of this action.
[4] The Civil Service Commission recognized the legitimacy of the grievances of the following petitioners but denied retroactive pay: April Moyers, Doris Bias, Randa J. Watson, Rose Ann Vincent, Roberta Sue Boggs, Darlene Butcher, Betty Gill, Brenda Gilbert, Emma Crites, Kenda Weaver, Constance Dana, Allene Baker, Helen Floyd and Victoria Wilson. See petitioners' exhibits F-1 through F-10.

The record is unclear as to the status of the remaining petitioners in terms of the retroactive pay issue. Upon remand, the respondents should, in light of the principles of this opinion, review the circumstances of the following petitioners in terms of possible claims for retroactive pay: Gail Fry, Elizabeth Kennedy, Patricia Weaver, Linda Seals, Rose Truex, Darlene Cremeans and Pat Keffer. See n. 2, supra.
[5] The petitioners have raised the issue of whether their status, prior to the reclassification, constituted a "demotion" in terms of their classification as Economic Service Workers I or II compared to the work they actually performed. We thus review the action of the Civil Service Commission concerning those petitioners pursuant to W.Va.Code, 29-6-15 [1977]. Although the petitioners initially sought relief in the forms of mandamus and judicial review, this action is now solely a matter of judicial review, inasmuch as the parties have resolved the mandamus aspects of this action.
[6] See also State Trial Attorneys' Association v. State, 63 Cal.App.3d 298, 133 Cal.Rptr. 712 (1976), California Civil Service Personnel Board violated the principle of "like pay for like work" when it denied attorneys in California's Department of Transportation salary parity with attorneys in equivalent positions in other state agencies; Stokes v. Suffolk, 55 A.D.2d 949, 391 N.Y. S.2d 145 (1977), discussing the payment of salary arrears where the employment of the plaintiff had been reclassified.