544 S.E.2d 700

The ESTATE OF Berthold STOLLINGS,
Deceased, Petitioner Below,
Appellant,

v.

DIVISION OF ENVIRONMENTAL PRO-
TECTION and Division of Personnel,
Respondents Below, Appellees.

No. 27757.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 9, 2001.

Decided Feb. 9, 2001.

Dissenting Opinion of Justice
Davis Feb. 15, 2001.

Harley E. Stollings, Summersville, for the Appellant.

Darrell V. McGraw, Jr., Attorney General, Rex L. Burford, Senior Assistant Attorney General, Charleston, for the Appellee Division of Environmental Protection.

Darrell V. McGraw, Jr., Attorney General, Donald L. Darling, Senior Deputy Attorney General, Charleston, for the Appellee Division of Personnel.

ALBRIGHT, Justice:

This is an appeal by Berthold Stollings (hereinafter "Appellant")[1] from an October 4, 1999, final order of the Circuit Court of Logan County, West Virginia, affirming a decision by the West Virginia Education and State Employees Grievance Board (hereinafter "Board"). The Circuit Court agreed with the findings of the Board that the Appellant had been reclassified and that he was not entitled to a retroactive increase in his rate of pay or an award of attorney fees.

The Appellant appeals that decision to this Court, contending that the Circuit Court erred in (1) finding that the designation of the Appellant as an Engineer III was a "reclassification;" (2) failing to find that the Appellant was entitled to an award of retroactive increase in pay; and (3) failing to find that the Appellant was entitled to an award of attorney fees. Based upon our review of the record and arguments of counsel, we remand this matter for a determination of whether the Board provided a sufficient remedy under the "made whole" standard discussed herein.

### I. Facts

The Appellant began his employment with the Division of Environmental Protection (hereinafter "DEP") on December 16, 1994. The Appellant was classified as an Engineer I at the time he was hired with the DEP, and his job responsibilities consisted of reviewing coal mining permit applications and permit modification issues. On August 19, 1996, the Division of Personnel (hereinafter "DOP") notified the Appellant that he was being reclassified from an Engineer I to a Technical Analyst. It is undisputed that this reclassification was determined to be in error, based upon the incorrect belief that the Appellant was not a registered professional engineer. The DOP consequently returned the Appellant to the Engineer I classification.

The Appellant, in response to the DOP's reclassification efforts, conducted an independent investigation into the various classifications and reviewed the distinctions between engineers and technical analysts. In so doing, he realized that his own job should have been designated as an Engineer III, based upon the duties he had been performing. On August 27, 1996, the Appellant therefore instituted grievance proceedings before the Board, asserting that he should have originally been classified as an Engineer II and should have been promoted to Engineer III following his six-month probationary employment period. He sought attorney fees and back pay from June 16, 1995, the end of the six-month probationary period.

---

1. Subsequent to the submission of this case to this Court, Mr. Stollings passed away. A motion was filed on September 18, 2000, requesting that this Court alter the style of this case from Berthold Stollings to the Estate of Berthold Stollings, Deceased. For purposes of our discussion of Mr. Stollings' case, we continue to refer to him as the Appellant.

Subsequent to a January 26, 1998, Level IV evidentiary hearing, the Board concluded, in a decision filed on June 8, 1998, that the Appellant should be designated an Engineer III due to the nature of the duties he performed. The Board reasoned that although the Appellant was entitled to be re-designated as an Engineer III, he was not entitled to back pay or attorney fees since the applicable regulation, 143 W. Va.C.S.R. 1–5.4(f)(2)(a)(2) (1995), discussed herein, did not provide for a salary increase in the case of "reclassification" unless the employee's salary was below the minimum salary for the pay grade into which he was placed. The Board concluded that since the Appellant's salary was within the pay grade for an Engineer III, he was not entitled to back pay.

On October 4, 1999, the Circuit Court upheld the Board's determination, reasoning that the regulations applicable to the DOP do not provide for a salary increase when one is reclassified unless that employee's salary is below the minimum salary for the pay grade into which he is placed. Because the Appellant's salary was within the pay grade for an Engineer III, the Circuit Court agreed with the Board that the Appellant was not entitled to back pay. The Circuit Court also agreed that the Appellant's designation as an Engineer III did not qualify as a "promotion" under the applicable regulations.

## II.  Standard of Review

■ In syllabus point one of *West Virginia Department of Health and Human Resources v. Blankenship,* 189 W.Va. 342, 431 S.E.2d 681 (1993), we explained:

> "A final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va. Code, 18–29–1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong." Syllabus Point 1, *Randolph County Bd. of Ed. v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989).

In *Martin v. Randolph County Board of Education,* 195 W.Va. 297, 465 S.E.2d 399 (1995), this Court explained that appeals from the West Virginia Educational Employees Grievance Board are reviewed by this Court under West Virginia Code § 18–29–7

(1985), and that "[w]e review *de novo* the conclusions of law and application of law to the facts." *Id.* at 304, 465 S.E.2d at 406. Thus, the characterization of the re-designation to Engineer III in this case and the appropriate remedy, as questions of law, will be reviewed *de novo* by this Court.

## III.  Discussion

### A.  The Claims For Back Pay and Attorney Fees

The issue before the Court is whether the determination that the Appellant had been working out of classification and the re-designation as Engineer III entitles the Appellant to back pay and an award of attorney's fees where the Appellant's salary was already within the pay grade for an Engineer III. The Appellant maintains that because his re-designation was not a result of the statewide reclassification project, his remedy should not be determined by the regulations applicable to reclassification issues. Instead, the Appellant argues that his re-designation as an Engineer III should be treated as a promotion, with the remedy determined according to the regulations governing promotions, as discussed below.

Conversely, the Appellee asserts that the Appellant was not promoted; he was simply misclassified at the time of hiring and then was properly classified as an Engineer III subsequent to his grievance. The Appellee contends that the appropriate relief would be to treat the grievance as a "reclassification" or fashion a "made whole" remedy whereby the determination of what makes the Appellant whole would be within the sound discretion of the administrative law judge for the Board, pursuant to West Virginia Code § 29–6A–5(b) (1998) (Repl.Vol.1999), which provides:

> Hearing examiners may ... provide relief as is determined fair and equitable in accordance with the provisions of this article, and take any other action to provide for the effective resolution of grievances not inconsistent with any rules of the board or provisions of this article: Provided, That in all cases the hearing examiner has the authority to provide appropriate

remedies including, but not limited to, making the employee whole.

■ The Appellee further asserts that the reclassification guidelines applied by the administrative law judge sufficiently made the Appellant whole and constituted an appropriate exercise of discretion by the administrative law judge for the Board. This Court acknowledged the "made whole" remedy in *American Federation of State, County and Municipal Employees v. Civil Service Commission*, 176 W.Va. 73, 341 S.E.2d 693 (1985) (hereinafter "AFSCME II"), wherein we stated that "[a]mong the potential remedies incorporated into the grievance procedure is that the grievant 'be made whole and the cause of the grievance remedied.'" *Id.* at 79, 341 S.E.2d at 698 (citation omitted). We further recognized the Board's jurisdiction to resolve out of classification disputes in *American Federation of State, County and Municipal Employees v. Civil Service Commission*, 181 W.Va. 8, 380 S.E.2d 43 (1989) (hereinafter "AFSCME III"), where we held as follows in syllabus point two:

Under W. Va.Code, 29–6A–1, *et seq.*, it is clear that the Legislature intended to place in the Education and State Employees Grievance Board jurisdiction over matters arising from a "misapplication or misinterpretation regarding ... hours, terms and conditions of employment." This terminology is sufficiently broad to cover a grievance for work out of classification. 181 W.Va. at 9, 380 S.E.2d at 44, syl. pt. 2, in part.

■ Regarding the remedy for out of classification work, we explained as follows in syllabus point two of *American Federation of State, County and Municipal Employees v. Civil Service Commission*, 174 W.Va. 221, 324 S.E.2d 363 (1984) (hereinafter "AFSCME I"),

Where employees of the Department of Human Services of West Virginia were classified for purposes of civil service as Economic Service Worker I or II, and the work performed by those employees was not distinguished by the Department of Human Services from the work performed by an Economic Service Worker III (a higher salaried position), such employees were entitled to the difference in compensation between their Economic Service Worker I or II classifications and the Economic Service Worker III classification.

■ In AFSCME II, we elaborated upon this holding, explaining that the petitioners were "entitled to the salary differential between the classification to which they were appointed and the higher classification in which they were actually working, and they are entitled to be paid such differential for the entire period during which they worked out of classification." 176 W.Va. at 79–80, 341 S.E.2d at 699. In syllabus point five of *Martin v. Randolph County Board of Education*, 195 W.Va. 297, 465 S.E.2d 399 (1995), however, we stated that "W. Va.Code, 18–29–2 (1992), allows an employee to contest a misclassification at any time (although only once). As with a salary dispute, any relief is limited to prospective relief and to back relief from and after [ten] days preceding the filing of the grievance." *See* W. Va.Code § 29–6A–2(c) (1988) (Repl.Vol.1999) (providing that "[d]ays means working days exclusive of Saturday, Sunday or official holidays").

B. The Regulatory Provisions Regarding Reclassification and Promotion

The regulatory distinction between a reclassification and a promotion may be significant in some circumstances since the remedy afforded to a reclassified employee is substantially different from the remedy afforded to a promoted employee. A reclassification is defined by West Virginia Code of State Regulations § 143–1–3(78) as "[t]he revision by the State Personnel Board of a class or class series which results in a redefinition of the nature of the work performed and reassignment of positions based on the new definition and may include a change in title, pay grade, or minimum qualifications for the classes involved." According to West Virginia Code of State Regulations § 143–1–5.4(f)(2)(a)(2), when an employee is reclassified, that employee is entitled to a pay increase only if the employee's salary was below the minimum salary for the pay grade into which the employee was placed. "Where the salary of the incumbent coincides

with a pay rate in the new range, the salary shall remain unchanged." 143 W. Va.C.S.R. 1–5.4(f)(2)(a)(2).

A promotion is defined by the Code of State Regulations § 143–1–3(75) as "[a] change in the status of an employee from a position in one class to a vacant position in another class of higher rank as measured by salary range and increased level of duties and/or responsibilities." Regarding an appropriate salary adjustment upon being promoted, the Code of State Regulations § 143–1–5.5 provides, in pertinent part:

Pay on Promotion— When an employee is promoted, the employee's pay shall be adjusted as follows:

(a) Minimum Increase—An employee whose salary is at the minimum rate for the pay grade of the current classification shall receive an increase to the minimum rate of the pay grade for the job classification to which the employee is being promoted. An employee whose salary is within the range of the pay grade for the current classification shall receive an increase of one increment, as established by the State Personnel Board, per pay grade advanced to a maximum of three (3) pay grades, or an increase to the minimum rate of the pay grade for the job classification to which the employee is being promoted, whichever is greater.

The Appellee maintains that "reclassification" is the most accurate characterization of the Appellant's re-designation to Engineer III and that under the regulation for reclassification, as applied by the Board, the Appellant was "made-whole" without being awarded back pay.

### C. Conclusion

■ The Appellant's re-designation as Engineer III arose as a result of his exercise of his grievance rights under applicable law and the recognition of his right to relief by the Board in that grievance. The re-designation was not the result of a "revision by the State Personnel Board of a class or class series ... [resulting] in a redefinition of the nature of the work performed." 143 W. Va.C.S.R. 1–3(78). Accordingly, Appellant's re-designation was not a "reclassification" under the regulation. Neither was Appellant's re-des-

ignation as an Engineer III the result of a "change in the [Appellant's] status ... from a position in one class to a *vacant* position in another class of higher rank as measured by salary range and increased level of duties and/or responsibilities." 143 W. Va.C.S.R. 1–3(75) (emphasis supplied). Accordingly, Appellant's re-designation was not a "promotion" under that regulation.

Therefore, we hold that when a re-designation of job title arises from the successful prosecution of a grievance by an employee, the re-designation is neither a "reclassification" pursuant to 143 W. Va.C.S.R. 1–3(78) nor a "promotion" under 143 W. Va.C.S.R. 1–3(75).

■ Had the Appellant's re-designation as Engineer III arisen by reason of a "reclassification" action of the State Personnel Board or by reason of a departmental "promotion," the regulations applicable to those *employer* actions would provide an answer to the question of whether back-pay or an increase in pay would be appropriate. Where an employee's re-designation arises from an *employee's* grievance and does not fit neatly into either the regulatory definition of reclassification or promotion, the employee should not be left without a remedy if the employee is, in fairness, entitled to one.

■ The record below discloses that, having determined in its order that the inapplicable regulations did not provide for a back pay award in the Appellant's situation, the Board did not proceed to consider whether the Appellant had been "made whole." Indeed, the "made whole" concept was not discussed by the Board or the Circuit Court. Instead, the conclusions of the Board and Circuit Court were specifically premised upon what we have determined to be the inaccurate characterization of Appellant's re-designation as a "reclassification." Because of that inaccurate characterization; because the regulations do not speak to a specific remedy for Appellant's wrongful classification; and because this Court has no record before it from which it might be determined what increments in pay grade or other benefits, if any, the Appellant did not receive as a result of the wrongful classification, we can-

not and should not undertake here to determine what, if any, remedy is appropriate. Rather, we reverse the judgment of the Circuit Court of Logan County and remand with instructions to return this matter to the Board. Upon such remand, the first question for resolution by the Board is whether the employee has been "made whole" under West Virginia Code § 29A–6A–5(b) and, if not, what, if anything, is required to make the Appellant whole.

█ In determining what is required to make an employee whole by reason of a wrongful classification corrected by a grievance procedure, it is appropriate for the Board to consider what benefits would have inured to the employee had the agency or the Department of Personnel timely rectified the wrongful classification on its own initiative or had the employee been timely promoted to the correct classification. It is also appropriate for the Board to consider what salary increments the employee might have received had the employee been in the proper pay grade from the inception of the employee's entitlement to the proper classification.

With regard to the Appellant's assertion of entitlement to attorney fees and costs, we decline at this point to resolve the issue. Rather, upon the conclusion of the further proceedings before the Board required by this Court and upon proper application to the Circuit Court, the limited attorney fees provided in West Virginia Code § 29–6A–10 (1998) (Repl.Vol.1999), governing the resolution of employees' rights to attorney fees and costs, shall be awarded to the Appellant, with appropriate costs, if the Circuit Court determines that the Appellant has substantially prevailed.

Based upon the foregoing, we reverse and remand, with directions.

Reversed and Remanded, with Directions.

Justice DAVIS dissents and files a dissenting opinion.

DAVIS, Justice, dissenting.

(Filed Feb. 15, 2001)

This case presented two very simple and straightforward issues for resolution. First,

was Mr. Stollings entitled to receive a retroactive increase in pay? Second, was Mr. Stollings entitled to an award of attorney's fees? Both issues should have been quickly resolved by this Court under existing principles of law. Instead, the majority opinion has created several confusing principles of law. Additionally, the majority has remanded this case for further disposition under those principles. Because I firmly believe that the principles of law created by Syllabus points 5, 6, and 7 of the majority opinion are unnecessary and legally unsound, I dissent.

### A. The Back Wages Claim

Mr. Stollings [1] was hired by the Division of Environmental Protection (hereinafter referred to as the "DEP") for the position of Engineer I. Shortly thereafter, the DEP informed Mr. Stollings that he had been hired in the wrong classification, and therefore, he would be reclassified as a Technical Analyst. The DEP later concluded that it had erroneously reclassified Mr. Stollings as a Technical Analyst. Thus, his job title changed back to Engineer I.

Subsequently, Mr. Stollings learned that, based upon his qualifications, he actually should have been hired as an Engineer II. Mr. Stollings further discovered that, under the DEP'S own hiring rules, he should have been promoted to Engineer III upon his successful completion of a six-month probationary period as an Engineer II. Consequently, Mr. Stollings filed a grievance asserting that he should have been hired as an Engineer II. He further grieved that, because he successfully completed his six month probationary period, he was entitled to be promoted to the position of Engineer III. The West Virginia Education and State Employees' Grievance Board (hereinafter referred to as the "Board") agreed with Mr. Stollings. The Board ordered the DEP to classify Mr. Stollings as an Engineer III. However, the Board concluded that Mr. Stollings was not entitled to back wages because he was actually receiving the salary of

1. Mr. Stollings died shortly after this case was submitted to this Court.

an Engineer III. Thus, the Board denied attorney's fees.

In the decision of this case, the majority of this Court correctly determined that Mr. Stollings' title of Engineer III was not a reclassification as that term is ordinary construed. However, the majority opinion also concluded that this occurrence was not a promotion. I disagree.

The applicable state regulation, 143 C.S.R. 1–3(75), provides that a promotion is "[a] change in the status of an employee from a position in one class to a vacant position in another class of higher rank as measured by salary range and increased level of duties and/or responsibilities." In the instant case, the Board found that Mr. Stollings should have been hired as an Engineer II and "re-designated" as an Engineer III, after a six-month probationary period. Simply put, this "re-designation" was, in fact, a promotion. Whether or not an Engineer III position was vacant is irrelevant as the Engineer III position was ultimately awarded to Mr. Stollings. The logical conclusion then is that this "re-designation" was an actual promotion obtained through the grievance process.

Nevertheless, the majority opinion, without any meaningful discussion or analysis, has improperly determined that no promotion occurred because the "re-designation" resulted from the grievance proceeding. Syllabus point 5 of the majority opinion states: "When a re-designation of job title arises from the successful prosecution of a grievance by an employee, the re-designation is neither a 're-classification' pursuant to 143 C.S.R. 1–3(78) nor a 'promotion' under 143 C.S.R. 1–3(75)." Under this broad syllabus point, no state employee can ever be "promoted" as a result of winning a wrongfully denied "promotion" in a grievance proceeding. With that proposition, I cannot agree.

Syllabus point 6 is likewise wrong. This syllabus point states, in relevant part, "[w]hen an employee's re-designation arises from an employees grievance and does not fit neatly into either the regulatory definition of reclassification or promotion, the employee should not be left without a remedy if the employee is, in fairness, entitled to one...." The wording of this syllabus point creates unnecessary confusion. How are the lower tribunals, or even this Court, to determine what is meant by "does not fit neatly?" This phrase has no legal basis for any meaningful analysis.

Finally, Syllabus point 7 of the majority opinion is inconsistent with syllabus points 5 and 6. Moreover, Syllabus point 7 is inconsistent with the outcome of this case. Syllabus point 7 states, in pertinent part:

In determining what is required to make an employee whole by reason of a wrongful classification corrected by a grievance procedure, it is appropriate for the Board to consider what benefits would have inured to the employee had the agency or the Department of Personnel timely rectified the wrongful classification on its own initiative or the employee had been timely promoted to the correct classification....

Through this syllabus point, the majority has acknowledged that this case did, in fact, present a simple "promotion" issue. Syllabus point 7 states in unequivocal language that the make-whole remedy occurs when an employee is not "timely *promoted* to the correct classification." (Emphasis added). Should one follow the logic of the majority opinion, Mr. Stollings would have no remedy on remand because the remedy occurs when an employee is wrongly denied a "promotion." Yet, in this case, the majority opinion has stated the appellant's re-designation was not a promotion.

In conclusion, I believe Mr. Stollings was entitled to the relief sought from this Court under existing law. As this Court observed in *Largent v. West Virginia Division of Health,* 192 W.Va. 239, 243, 452 S.E.2d 42, 46 (1994), "if someone is promoted to a higher classification, he or she should not be required to take a pay cut or remain at the same salary, but get a raise—this only makes sense." The majority opinion has refused to

grant such relief. Instead, the majority opinion has taken the unnecessary step of creating principles of law that are unworkable and will only add confusion to an otherwise straightforward area of the law. I therefore respectfully dissent.[2]

2. In view of my position, attorney's fees should have been awarded to Mr. Stollings.