566 S.E.2d 633

**Gary LAMBERT, Plaintiff Below, Appellant,**

v.

**Hercil GARTIN, in His Official Capacity as Cabell County Sheriff; and Larry Stephens, in His Official Capacity as Cabell County Jail Administrator; and Evelyn Richards, in Her Official Capacity as Cabell County Commissioner; and L.D. Egnor, in His Official Capacity as Cabell County Commissioner; and J.R. Blankenship, in His Official Capacity as Cabell County Commissioner Defendants Below, Appellees.**

No. 30106.

Supreme Court of Appeals of West Virginia.

Submitted May 21, 2002.

Decided June 19, 2002.

The possibility of a disparate outcome for people with near identical injures remains the same.

D. Scott Bellomy, Esq., Ryan Turner, Esq., Bellomy & Turner, Huntington, West Virginia, Attorneys for Gary Lambert.

George A. Stolze, Esq., Huntington, West Virginia, Attorney for Hercil Gartin.

William T. Watson, Esq., Huntington, West Virginia, Attorney for Richards, Egnor & Blankenship.

PER CURIAM:

Gary Lambert, the appellant, appeals the May 7, 2001 order of the Circuit Court of Cabell County which dismissed his complaint against the Sheriff, Jail Administrator, and Commissioners of Cabell County pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. In his complaint, the appellant, a correctional officer who holds the rank of sergeant, alleged that he is entitled to additional compensation for duties he performed which were regularly performed by a captain. Because we find that the appellant has stated a claim upon which relief can be granted, we reverse and remand.

### I.

### FACTS

Gary Lambert is employed as a correctional officer by the Cabell County Sheriff's Department. He holds the rank of sergeant within the Cabell County Sheriff's Correction Unit. According to the appellant, for a substantial period of time he served as a shift commander, a position that was supposed to be filled, according to policy and/or practice, by a higher-ranking officer such as a captain. During the time in which the appellant

served as shift commander, he received the pay of a sergeant.

On December 22, 2000, the appellant filed suit in the Circuit Court of Cabell County against the Cabell County Sheriff, Cabell County Jail Administrator, and the members of the Cabell County Commission. In count one of the complaint, the appellant alleged that according to *AFSCME v. Civil Service Commission of W.Va.*, 174 W.Va. 221, 324 S.E.2d 363 (1984), he is entitled to the difference in compensation between the ranks of sergeant and captain of the Sheriff's Department. In count two, he alleged that his service as shift commander *de facto* constituted his promotion to the rank of captain in the Sheriff's Department, and his subsequent reassignment from shift commander was without just cause and in violation of W.Va. Code § 7–14B–6, *et seq.*

By order dated May 7, 2001, the Circuit Court of Cabell County granted the appellees' motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Specifically, the circuit court found:

1. That Plaintiff is a "Correctional Officer" as defined by West Virginia Code § 7–14B–2(a)(2).

2. That Plaintiff, as a Correctional Officer, is an employee of the Cabell County Sheriff.

3. That because Plaintiff is an employee of an officer elected by popular vote, West Virginia Code § 29–6–4(c)(3) finds Plaintiff to be employed in a position of "classified-exempt service."

4. That Plaintiff is not a classified civil service employee as contemplated by *AFSCME et al. v. Civil Services Commissions of West Virginia, et al.*, [sic] 174 W.Va. 221, 324 S.E.2d 363 (1984).

5. That Plaintiff is not entitled to the difference in compensation as would be had between a sergeant and a captain.

The appellant now appeals to this Court.

## II.

### STANDARD OF REVIEW

As noted above, the appellant's complaint was dismissed pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. We have held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). Further, we construe the factual allegations in the light most favorable to the plaintiff. *Id.,* 194 W.Va. at 776, 461 S.E.2d at 522. Finally, "[t]he policy of the rule is thus to decide cases upon their merits, and if the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied." *John W. Lodge Dist. Co., Inc. v. Texaco, Inc.*, 161 W.Va. 603, 605, 245 S.E.2d 157, 158–59 (1978).

## III.

### DISCUSSION

On appeal, the appellant raises two assignments of error. First, the appellant claims that the trial court erred in granting the appellees' Rule 12(b)(6) motion to dismiss by finding the appellant is classified exempt under W.Va.Code § 29–6–4(c)(3). According to the appellant, W.Va.Code § 29–6–4(c)(3) is not applicable to the appellant because it applies only to elected *state* officers and their employees, whereas the appellant is a correctional officer governed by W.Va.Code § 7–14B–1, *et seq.* The appellees agree that W.Va.Code § 29–6–4(c)(3) does not apply to the appellant although they maintain that the circuit court's ruling is correct.

We agree with the parties that the circuit court improperly based its ruling below on W.Va.Code § 29–6–4(c)(3) (1999). A review of Chapter 29, Article 6 of the Code indicates that it applies to *state* employees. For example, W.Va.Code § 29–6–1 (1977) provides that the purpose of the article is,

to attract to the service of this *state* personnel of the highest ability and integrity by the establishment of a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, transfer, layoff, removal, discipline, classification, compen-

sation and welfare of its civil employees, and other incidents of *state* employment. (Emphasis added).

The appellant is not a state employee but rather a correctional officer appointed by a county sheriff. The statute governing the appellant's employment is found at W.Va. Code §§ 7–14B–1 *et seq.* which is titled "Civil Service For Correctional Officers." Therefore, W.Va.Code § 29–6–4(c)(3) is inapplicable to the appellant and should not have been used as the basis for the circuit court's ruling.

Second, the appellant argues that the rule announced in Syllabus Point 2 of *AFSCME v. Civil Service Commission of W.Va.*, 174 W.Va. 221, 324 S.E.2d 363 (1984), is controlling here. In Syllabus Point 2 of *AFSCME*, we held:

> Where employees of the Department of Human Services of West Virginia were classified for purposes of civil service as Economic Service Worker I or II, and the work performed by those employees was not distinguished by the Department of Human Services from the work performed by an Economic Service Worker III (a higher salaried position), such employees were entitled to the difference in compensation between their Economic Service Worker I or II classifications and the Economic Service Worker III classification.

The appellant points specifically to the Court's statement in *AFSCME* that the "result in this action is particularly necessitated by the requirement of the civil service system of this State, as reflected in *W.Va.Code*, 29–6–10 [1977], that the principle of 'equal pay for equal work in the several agencies of the state government' shall be followed[.]' " *AFSCME*, 174 W.Va. at 225, 324 S.E.2d at 367.

The appellant asserts that his situation is largely analogous to the situation in *AFSCME* in that just as the Department of Health and Human Resources[1] classified its workers in *AFSCME*, the appellant's employers, the Cabell County Sheriff, the Cabell County Commission, and the Cabell

County Correctional Officer's Civil Service Commission, classify their correctional officers into different ranks. The appellant explains, however, that unlike *AFSCME*, where the employer had established differing pay scales but failed to distinguish the job duties of each pay level, the appellees have distinguished job duties commensurate with each rank, but forced him to do the duties of a higher rank without the corresponding pay.

The appellees respond that the problem with the appellant's argument that he worked out of his classification is that the applicable statute establishes but a single classification, that of correctional officer. They further assert that *AFSCME* is not applicable because the appellant is not a state employee and even if he were, the provisions of W.Va.Code § 29–6–4 would exempt him because he is an employee of an officer elected by popular vote. The appellees also aver that had the Legislature intended to require that the appellant receive the pay of a higher ranking officer under these circumstances, it easily could have provided by law for such payment, but did not do so. Finally, the appellees contend that the appellant was merely asked to do the work contemplated by statute for correctional officers.

After careful consideration of the issues, we find the appellant's position to be the most persuasive. We recognize, as pointed out by the appellees, that W.Va.Code §§ 7–14B–1 *et seq.* establish only the single classification of correctional officer. We further recognize that *AFSCME* are not directly on point because it concerns W.Va.Code §§ 29–6–1 *et seq.* which is not applicable to the appellant. However, we believe that the principles on which *AFSCME* is based are equally applicable here.

In *AFSCME*, the petitioners were classified as Economic Service Worker I or II in the Department of Human Services. The petitioners filed a grievance in which they alleged that they had been working out of classification, specifically, they had been per-

---

1. The Executive Reorganization Act of 1989 redesignated the Department of Human Services as the Division of Human Services under the

Department of Health and Human Resources. *See* W.Va.Code § 5F–2–1(e)(2) (2001); and W.Va. Code § 9–2–1a (2001).

forming the duties of an Economic Service Worker III while receiving less pay than Economic Service Worker IIIs. This Court held that the petitioners were entitled to retroactive pay for the period during which Economic Service Workers I, II, and III performed the same duties. In reaching this conclusion, the Court quoted with approval language from *Theroux v. State,* 152 Cal. App.3d 1, 199 Cal.Rptr. 264 (1984), in which the California Court of Appeals denounced the arbitrary exclusion of certain state employees from a statutory salary adjustment which had been granted to similarly situated employees. The California court stated that "[t]o allow such an arrangement to stand would in effect create two separate pay scales for workers doing the same job, a situation violative of the primary principle of the Civil Service Act 'that like salaries shall be paid for comparable duties and responsibilities.'" 152 Cal.App.3d at 8, 199 Cal.Rptr. at 268, *quoting State Trial Attorneys' Assn. v. State of California,* 63 Cal.App.3d 298, 304, 133 Cal.Rptr. 712 (1976). We concluded in *AFSCME:*

> Our result in this action is particularly necessitated by the requirement of the civil service system of this State, as reflected in *W.Va.Code,* 29–6–10 [1977], that the principle of "equal pay for equal work in the several agencies of the state government shall be followed...."

*AFSCME,* 174 W.Va. at 225, 324 S.E.2d at 367.

In the instant case, the appellees have established a classification for correctional officers that specifies different ranks with corresponding duties and pay scales. The appellant, who has the rank of sergeant, was assigned to work as a shift commander, a duty which, according to policy and/or practice, was to be performed by a captain. The appellant served as shift commander for a significant period of time, but was denied the rank and additional compensation of a cap-

tain during that time period. In other words, the appellant performed the duties of a higher rank without receiving the pay of that higher rank. We conclude that this violates the principle of equal pay for equal work, inherent in civil service law, as set forth in *AFSCME.* Accordingly, we find that the appellant has stated a claim upon which relief can be granted.

We have carefully considered all of the well-stated arguments of the appellees. However, we believe that to find otherwise would allow government employers governed by the civil service system to create a classification of different ranks, with corresponding duties and rates of pay, and then arbitrarily ignore the classification at their convenience.[2] Such a result would be decidedly inimical to the principles of fairness undergirding our civil service laws.

For the above reasons, this Court finds that the facts as alleged by the appellant entitle him to retroactive pay for the period during which he performed the duties of shift commander. Specifically, he is entitled to the difference in compensation between his rank of sergeant and the rank of correctional officer who, according to the appellees' policy and/or practice, regularly performed the role of shift commander.

Therefore, we find that it was error for the circuit court to dismiss the appellant's complaint at the pleading stage. Instead, the circuit court must try the facts to determine whether the facts are as alleged in the appellant's pleading. If the facts are as alleged by the appellant, he is entitled to retroactive pay as stated above.

## IV.

## CONCLUSION

Accordingly, we reverse the May 7, 2001 order of the Circuit Court of Cabell County, and this action is remanded to the circuit

---

**2.** We understand the appellees' claim that in a command structure circumstances necessitate that officers on occasion will have to perform duties outside of their respective ranks. This opinion should not be read to prohibit such a practice. In the instant case, however, the appellant avers in his complaint that he was re-

quired to act as a shift commander for *approximately forty-eight months.* It appears to this Court that during that time the appellees could have filled the position with a higher ranking officer according to policy or increased the appellant's rank or pay to conform with his duties.

court for proceedings consistent with this opinion.

Reversed and remanded with directions.